1   Larry W. Lee (State Bar No. 228175)
    lwlee@diversitylaw.com
2   Mai Tulyathan (State Bar No. 316704)
    ktulyathan@diversitylaw.com
3   **DIVERSITY LAW GROUP, P.C.**
4   515 S. Figueroa St., Suite 1250
    Los Angeles, CA 90071
5   (213) 488-6555
    (213) 488-6554 facsimile
6

7   Attorneys for Plaintiff and the Class (Additional Counsel on Next Page)

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10  MARTHA REILLY, as an individual and          Case No. 3:18-cv-07385-LB
    on behalf of all others similarly situated,
11                                               **FIRST AMENDED CLASS ACTION
                                                 COMPLAINT FOR DAMAGES FOR:**
12             Plaintiffs,
          vs.                                    **(1)  VIOLATION OF CAL. LABOR CODE §
13                                                     226(a);**

14  RECREATIONAL EQUIPMENT, INC.,                **(2)  VIOLATION OF CAL. LABOR CODE §§
    a Washington corporation; and DOES 1             558, 1194, 1197 AND 1197.1;**
15  through 50, inclusive,
                                                 **(3)  VIOLATION OF CAL. LABOR CODE §§
16             Defendants.                            510, 558, 1194, AND 1197.1;**

17                                               **(4)  VIOLATION OF CAL. LABOR CODE §§
                                                     226.7 AND 512;**
18
                                                 **(5)  VIOLATION OF CAL. LABOR CODE §
19                                                   226.7;**

20                                               **(6)  VIOLATION OF CAL. BUS. & PROF.
                                                     CODE § 17200, *ET SEQ.*;**
21
                                                 **(7)  VIOLATION OF CAL. LABOR CODE §
22                                                   2698, *ET SEQ.***

23                                               **DEMAND OVER $25,000.00**

24

25

26

27

28

                                    1

                **FIRST AMENDED CLASS ACTION COMPLAINT**

1  WILLIAM L. MARDER, ESQ. (CBN 170131)
   bill@polarislawgroup.com
2  **Polaris Law Group LLP**
   501 San Benito Street, Suite 200
3  Hollister, CA 95023
   Tel: (831) 531-4214
4  Fax: (831) 634-0333

5
   Dennis S. Hyun (State Bar No. 224240)
6  dhyun@hyunlegal.com
   **HYUN LEGAL, APC**
7  515 S. Figueroa St., Suite 1250
   Los Angeles, CA  90071
8  (213) 488-6555
   (213) 488-6554 facsimile
9
10  Attorneys for Plaintiff and the Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Martha Reilly ("Plaintiff") hereby submits this First Amended Class Action Complaint ("Complaint") against Defendants Recreational Equipment, Inc. and Does 1 through 50 (hereinafter collectively referred to as "Defendants") as an individual and on behalf of the classes of all other similarly situated current and former employees of Defendants for minimum wages, overtime wages, premium pay for missed meal and rest periods, penalties under the California Labor Code, and for restitution as follows:

## INTRODUCTION

1.      This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, the applicable Wage Orders of the California Industrial Welfare Commission ("IWC") and the California Unfair Competition Law (the "UCL"), Business and Professions Code § 17200, *et seq*.

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendants.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving minimum wages and overtime wages for all hours worked, premium pay for missed meal and rest periods, and timely payment of wages.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and the UCL by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.      The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

## JURISDICTION AND VENUE

6.      As set forth in Defendant's Notice of Removal, Defendant contends that this Court has jurisdiction over these claims pursuant to the Class Action Fairness Act, 28 U.S.C. §

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  1332(d), as Defendant is not a citizen of California and the amount in controversy exceeds $5

2  million. Plaintiff takes no position on the accuracy of Defendant's contentions and Plaintiff

3  reserves his right to file a motion for remand.

4      7.    Defendant filed the Notice of Removal to this Court and, thus, Defendant

5  contends that this Court is the proper venue for this class action.

6                              **PARTIES**

7      8.    Plaintiff was hired by Defendants to work as non-exempt salesperson at Defendant's

8  store located in Berkeley, California. Plaintiff's employment ended on or about August 15, 2018.

9      9.    Plaintiff was and is the victim of the policies, practices, and customs of

10  Defendants complained of in this action in ways that have deprived Plaintiff of the rights

11  guaranteed by California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, and

12  1197.1, and the UCL.

13      10.   Plaintiff is informed and believes, and based thereon alleges, that Defendant is a

14  Washington corporation which operates retail stores throughout the United States, including

15  numerous locations in the State of California.

16      11.   Plaintiff is informed and believes, and based thereon alleges, that at all times

17  herein mentioned Defendant and Does 1 through 50, are and were corporations, business entities,

18  individuals, and partnerships, licensed to do business and actually doing business in the State of

19  California. As such, and based upon all the facts and circumstances incident to Defendants'

20  business, Defendants are subject to California Labor Code §§ 201-203, 226, 226.7, 510, 512,

21  558, 1194, 1197, and 1197.1, and the UCL.

22      12.   Plaintiff does not know the true names or capacities, whether individual, partner

23  or corporate, of the Defendant sued herein as Does 1 through 50, inclusive, and for that reason,

24  said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this

25  complaint when the true names and capacities are known. Plaintiff is informed and believes and

26  based thereon alleges that each of said fictitious Defendants was responsible in some way for the

27  matters alleged herein and proximately caused Plaintiff and members of the general public and

28  class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

**FIRST AMENDED CLASS ACTION COMPLAINT**

13.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17.     **Definition:**  The named individual Plaintiff seeks class certification, pursuant to FRCP 23.  Plaintiff proposes the following Class and Subclasses:

a.     All non-exempt retail store employees who were employed by Defendants in the State of California at any time between October 31, 2014, through the present (the "Class");

5

b.    Plaintiff also proposes a sub-class of all non-exempt retail store employees who were employed by Defendants in the State of California, and who were paid overtime wages by Defendant at any time between October 31, 2017, through the present  (the "Wage Statement Sub-Class").

18.    **Numerosity and Ascertainability:**  The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants:  (a) failed to provide accurate itemized wage statements in violation of Labor Code § 226(a); (b) failed to pay employees minimum wages for time spent undergoing security checks after they were clocked-out in violation of Labor Code §§ 558, 1194, 1197, and 1197.1; (c) failed to pay employees overtime wages for time spent undergoing security checks after they were clocked-out in violation of Labor Code §§ 510, 558, 1194, and 1197.1; (d) failed to provide off-duty 30-minute meal breaks to employees who worked 5 hours or longer in one shift in violation of Labor Code §§ 226.7 and 512 as a result of having to undergo security checks prior to being allowed to take their meal breaks; (e) failed to provide off-duty 10-minute rest breaks to employees who worked 3.5 hours or longer in violation of Labor Code § 226.7 as a result of having to undergo security checks prior to being allowed to take their rest breaks; (f) violated Labor Code §§ 201-203 by failing to pay all wages owed and due to employees within the time requirements set forth in these statutes; and (g) engaged in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders, and the UCL.

19.    **Adequacy of Representation:**  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

20.    Defendants uniformly administered a corporate policy, practice of: (a) failing to

**FIRST AMENDED CLASS ACTION COMPLAINT**

provide accurate itemized wage statements in violation of Labor Code § 226(a); (b) failing to pay employees minimum wages for time spent undergoing security checks after they were clocked-out in violation of Labor Code §§ 558, 1194, 1197, and 1197.1; (c) failing to pay employees overtime wages for time spent undergoing security checks after they were clocked-out in violation of Labor Code §§ 510, 558, 1194, and 1197.1; (d) failing to provide off-duty 30-minute meal breaks to employees who worked 5 hours or longer in one shift in violation of Labor Code §§ 226.7 and 512 as a result of having to undergo security checks prior to being allowed to take their meal breaks; (e) failing to provide off-duty 10-minute rest breaks to employees who worked 3.5 hours or longer in violation of Labor Code § 226.7 as a result of having to undergo security checks prior to being allowed to take their rest breaks; (f) violating Labor Code §§ 201-203 by failing to pay all wages owed and due to employees within the time requirements set forth in these statutes; and (g) engaging in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders, and the UCL.

21.    Plaintiff is informed and believes, and based thereon alleges, that this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, and 1197.1, and the UCL.

23.    **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant's policy and practice of:  (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226(a); (b) failing to pay employees minimum wages for time spent undergoing security checks after they were clocked-out in violation of Labor Code §§ 558, 1194, 1197, and 1197.1; (c) failing to pay employees overtime wages for time spent undergoing security checks after they were clocked-out in violation of Labor Code §§ 510, 558, 1194, and 1197.1; (d) failing to provide off-duty 30-minute meal breaks to employees who

**FIRST AMENDED CLASS ACTION COMPLAINT**

worked 5 hours or longer in one shift in violation of Labor Code §§ 226.7 and 512 as a result of

having to undergo security checks prior to being allowed to take their meal breaks; (e) failing to

provide off-duty 10-minute rest breaks to employees who worked 3.5 hours or longer in violation

of Labor Code § 226.7 as a result of having to undergo security checks prior to being allowed to

take their rest breaks; (f) violating Labor Code §§ 201-203 by failing to pay all wages owed and

due to employees within the time requirements set forth in these statutes; and (g) engaging in

unfair business practices in violation of the California Labor Code, the applicable IWC Wage

Orders, and the UCL.

    24.    **Typicality:** The claims of Plaintiff are typical of the claims of all members of the

Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner

as the Class members.  As with all other non-exempt retail store employees in the State of

California, Plaintiff was required to undergo security checks after she clocked-out, including

being required to clock-out and undergo the security check after her shift ended, as well as being

required to undergo security checks after she had already clocked out to take his purported "off-

duty" 30-minute meal breaks and "off-duty" 10-minute rest breaks.  Further, Plaintiff worked

numerous shifts during her employment with Defendant that were at least and/or in excess of 8

hours per workday and/or 40 hours in a workweek.  Thus, for these shifts which Plaintiff worked

that were 8 hours or more in a workday and/or 40 hours in a workweek, Defendant owes Plaintiff

additional overtime wages.  Although Plaintiff was required to stay at work to undergo these

checks, she was not paid any applicable minimum wages and/or overtime wages and premium

pay for missed meal and rest breaks for these security checks.  Although it is well-settled that

Defendants should have paid applicable minimum and overtime wages, for time spent in these

security checks, as well as meal period premium pay for the shortened meal breaks as a result of

having to undergo these security checks to Plaintiff and Class Members, Defendants failed to do

so.  Plaintiff also received inaccurate wage statements in violation of Labor Code § 226(a).

Specifically, Defendants violated Labor Code § 226(a)(9) by failing to list the accurate overtime

rate of pay, which should have been 1.5x the base rate of pay for Plaintiff and other employees,

Defendants instead listed an overtime rate which is 0.5 the base rate of pay of Plaintiff and Class

**FIRST AMENDED CLASS ACTION COMPLAINT**

Members.  For example, Defendants listed Plaintiff's overtime rate as $8.1701, when Plaintiff's base rate of pay $16.3403.  Further, because of this inaccurate overtime rate, Defendant violated Labor Code § 226(a)(2)'s requirement that employers list the accurate total hours worked.  Defendant listed the overtime hours twice on the wage statements issued to Plaintiff and Class Members first in the regular hours and again in the Overtime Premium hours section.  In other words, Defendant redundantly listed and double-counted the overtime hours, resulting in the listing of inaccurate total hours worked in wage statements issued to Plaintiff and Class Members.  As Plaintiff received wage statements in similar formats as Class Members, Plaintiff's claims are typical of Class Members.  Given that Defendants willfully failed to pay Plaintiff and Class Members all wages owed, Defendants are liable for waiting time-penalties pursuant to Labor Code §§ 201-203, including with respect to Plaintiff.  Therefore, Plaintiff is a member of the Class and have suffered the alleged violations of California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, and 1197.1, as well as the applicable IWC Wage Order.

25.    The California Labor Code and upon which Plaintiff bases these claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

26.    The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each Class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current

9

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   employer for real and justifiable fear of retaliation and permanent damage to their careers at

2   subsequent employment.

3          27.    The prosecution of separate actions by the individual class members, even if

4   possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

5   to individual Class members against the Defendants and which would establish potentially

6   incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to

7   individual Class members which would, as a practical matter, be dispositive of the interest of the

8   other Class members not parties to the adjudications or which would substantially impair or

9   impede the ability of the Class members to protect their interests.  Further, the claims of the

10  individual members of the Class are not sufficiently large to warrant vigorous individual

11  prosecution considering all of the concomitant costs and expenses.

12         28.    Such a pattern, practice and uniform administration of corporate policy regarding

13  illegal employee compensation described herein is unlawful and creates an entitlement to

14  recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid minimum

15  wages, overtime wages, applicable penalties, reasonable attorneys' fees, and costs of suit

16  according to the mandate of California Labor Code §§ 226, 558, and 1194, and Code of Civil

17  Procedure § 1021.5.

18         29.    Proof of a common business practice or factual pattern, which the named Plaintiff

19  experienced and is representative of, will establish the right of each of the members of the

20  Plaintiff Class to recovery on the causes of action alleged herein.

21         30.    The Plaintiff Class is commonly entitled to a specific fund with respect to the

22  compensation illegally and unfairly retained by Defendants.  The Plaintiff Class is commonly

23  entitled to restitution of those funds being improperly withheld by Defendants.  This action is

24  brought for the benefit of the entire class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

31.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as

FIRST AMENDED CLASS ACTION COMPLAINT

1    though fully set for herein.

2        32.    Defendants failed in their affirmative obligation to provide <u>accurate</u> itemized

3    wage statements.  Specifically, Defendants violated Labor Code § 226(a)(9) by failing to list the

4    accurate overtime rate of pay, which should have been 1.5x the base rate of pay for Plaintiff and

5    other employees, Defendants instead listed an overtime rate which is 0.5 the base rate of pay of

6    Plaintiff and Class Members.  For example, Defendants listed Plaintiff's overtime rate as

7    $8.1701, when Plaintiff's base rate of pay $16.3403.  Further, because of this inaccurate

8    overtime rate, Defendant violated Labor Code § 226(a)(2)'s requirement that employers list the

9    accurate total hours worked.  Defendant listed the overtime hours twice on the wage statements

10   issued to Plaintiff and Class Members first in the regular hours and again in the Overtime

11   Premium hours section.  In other words, Defendant redundantly listed and double-counted the

12   overtime hours, resulting in the listing of inaccurate total hours worked in wage statements

13   issued to Plaintiff and Class Members.  Moreover, the wage statements failed to accurately

14   reflect all hours worked and unpaid meal period premium pay for time spent in security

15   inspections in violation of Labor Code §§ 226(a)(2) and (9).

16       33.    Such a pattern, practice and uniform administration of corporate policy as

17   described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class

18   identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226,

19   including interest thereon, attorneys' fees, and costs of suit according to the mandate of

20   California Labor Code § 226.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 558, 1194, 1197 AND 1197.1

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

24       34.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as

25   though fully set for herein.

26       35.    This cause of action is brought pursuant to Labor Code §§ 1194 and 1197, which

27   require an employer to pay employees minimum wages for all hours worked less than eight

28   hours in a day and/or less than 40 hours in a workweek.

11

**FIRST AMENDED CLASS ACTION COMPLAINT**

36.     As a pattern and practice, Defendants suffered and permitted employees to work without payment of minimum wages for all hours worked in a workday and workweek. Specifically, Defendants failed to pay for time spent by employees undergoing security checks after they had already clocked-out at the end of their shifts.  As with other Class Members, Plaintiff was required to undergo these security inspections without payment of minimum wages. Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code §§ 1194 and 1197.

37.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 558, 1194, 1197 and 1197.1.  Further, Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay all wages owed to all separated employees in violation of Labor Code §§ 201-203 and, thus, Plaintiff seeks all applicable penalties under these statutes individually and on behalf of the Class.

## THIRD CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 510, 558, 1194 AND 1197.1

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully set for herein.

39.     This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek.  As with other Class Members, Plaintiff underwent these security inspections without payment of overtime wages.  Specifically, Plaintiff and Class Members worked numerous shifts throughout their employment with Defendant that were at least and/or in excess of 8 hours in a workday and/or 40 hours in a workweek.  Thus, for these shifts which Plaintiff and Class Members worked that were 8 hours or more per workday and/or 40 hours per workweek,

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    Defendant owes Plaintiff and Class Members additional overtime wages.

2    40.    As a pattern and practice, Defendants suffered and permitted employees to work

3    in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay.

4    Specifically, Defendants failed to pay overtime for time spent by employees undergoing security

5    checks after they had already clocked-out at the end of their shifts.  Defendants had a uniform

6    corporate pattern and practice and procedure regarding the above practices in violation of Labor

7    Code §§ 510 and 1194.  Further, during their employment with Defendants, including during pay

8    periods wherein Plaintiff and the Class worked overtime, Plaintiff and the Class also earned non-

9    discretionary incentive pay, including without limitation, quarterly and monthly bonuses.

10   Defendants, as a corporate-wide practice and policy, did not calculate and/or factor such

11   remuneration into the regular rate of pay for purposes of calculating revised and increased

12   overtime pay, and as such, owe Plaintiff and the Class additional overtime pay.

13   41.    Such a pattern, practice and uniform administration of corporate policy regarding

14   illegal employee compensation as described herein is unlawful and creates an entitlement to

15   recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of

16   damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

17   to the mandate of California Labor Code §§ 510, 558, 1194 and 1197.1.  Further, Plaintiff is

18   informed and believes and based thereon alleges that Defendants willfully failed to pay all wages

19   owed to all separated employees in violation of Labor Code §§ 201-203 and, thus, Plaintiff seeks

20   all applicable penalties under these statutes individually and on behalf of the Class.

21                    **FOURTH CAUSE OF ACTION**

22              **VIOLATION OF LABOR CODE §§ 226.7 AND 512**

23        **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

24   42.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as

25   though fully set for herein.

26   43.    At all relevant times, Defendants failed in their affirmative obligation to ensure

27   that Plaintiff, and other class members, had the opportunity to take and were provided with off-

28   duty meal periods in accordance with the mandates of the California Labor Code and the

**FIRST AMENDED CLASS ACTION COMPLAINT**

applicable IWC Wage Order.  Specifically, Defendants required Plaintiff and Class Members to undergo security checks after they clocked out to begin their off-duty meal breaks, but <u>before</u> they could take their meal breaks.  Thus, Plaintiff and Class Members were denied their right to 30-minute, off-duty meal breaks for any and all shifts in which they worked 5 hours or longer. In other words, Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks because they remained under Defendants' control by virtue of having to undergo these security checks.  As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order.  Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each full 30-minute duty-free meal period Plaintiff and the Class Members missed.

44.    As a pattern and practice, Defendants regularly required employees to undergo security checks <u>after</u> clocking out for their meal breaks.  In other words, <u>before</u> the employees could actually begin taking the off-duty meal break, Defendants as a corporate policy and practice required these employees to undergo security checks even though the employees were clocked out and supposed to have been already taking their off-duty meal break.

45.    This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper off-duty meal periods is a violation of California law.

46.    Plaintiff is informed and believe and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the meal period violations set forth above.

47.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium

**FIRST AMENDED CLASS ACTION COMPLAINT**

compensation pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit. Further, Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay all premium wages owed to all separated employees in violation of Labor Code §§ 201-203 and, thus, Plaintiff seeks all applicable penalties under these statutes individually and on behalf of the Class.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226.7**

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

48.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as though fully set for herein.

49.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff, and other class members, had the opportunity to take and were provided with off-duty 10-minute rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order.  Specifically, Defendants required Plaintiff and Class Members to undergo security checks after they clocked out to begin their off-duty 10-minute rest breaks, but before they could take their rest breaks.  Thus, Plaintiff and Class Members were denied their right to 10-minute, off-duty rest breaks for any and all shifts in which they worked 3.5 hours or longer.  In other words, Plaintiff and Class Members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their full 10-minute off-duty rest breaks because they remained under Defendants' control by virtue of having to undergo these security checks.  As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order.  Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each full 10-minute duty-free rest period Plaintiff and the Class Members missed.

50.     As a pattern and practice, Defendants regularly required employees to undergo security checks after clocking out for their rest breaks.  In other words, before the employees could actually begin taking the off-duty rest break, Defendants as a corporate policy and practice

15

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    required these employees to undergo security checks even though the employees were clocked

2    out and supposed to have been already taking their off-duty rest break.

3          51.    This policy of requiring employees to work through their legally mandated rest

4    periods and not allowing them to take proper off-duty rest periods is a violation of California

5    law.

6          52.    Plaintiff is informed and believe and based thereon alleges that Defendants

7    willfully failed to pay employees who were not provided the opportunity to take rest breaks the

8    premium compensation set out in Labor Code § 226.7, and the applicable IWC Wage Order and

9    that Plaintiff and those employees similarly situated as them are owed wages for the rest period

10   violations set forth above.

11         53.    Such a pattern, practice and uniform administration of corporate policy as

12   described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class

13   Members identified herein, in a civil action, for the unpaid balance of the unpaid premium

14   compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including

15   interest thereon, penalties, and costs of suit.

16         54.    Further, Plaintiff is informed and believes and based thereon alleges that

17   Defendants willfully failed to pay all premium wages owed to all separated employees in

18   violation of Labor Code §§ 201-203 and, thus, Plaintiff seeks all applicable penalties under these

19   statutes individually and on behalf of the Class.

**SIXTH CAUSE OF ACTION**

**VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.***

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

20
21
22

23         55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as

24   though fully set for herein.

25         56.    Defendants, and each of them, have engaged and continue to engage in unfair and

26   unlawful business practices in California by practicing, employing and utilizing the employment

27   practices outlined above, include, to wit, by: (a) failing to pay employees minimum wages for

28   time spent undergoing security checks after they were clocked-out in violation of Labor Code §§

16

**FIRST AMENDED CLASS ACTION COMPLAINT**

558, 1194, 1197, and 1197.1; (b) failing to pay employees overtime wages for time spent undergoing security checks after they were clocked-out in violation of Labor Code §§ 510, 558, 1194, and 1197.1; (c) failing to provide off-duty 30-minute meal breaks to employees who worked 5 hours or longer in one shift in violation of Labor Code §§ 226.7 and 512 as a result of having to undergo security checks prior to being allowed to take their meal breaks; and (d) failing to provide off-duty 10-minute rest breaks to employees who worked 3.5 hours or longer in violation of Labor Code § 226.7 as a result of having to undergo security checks prior to being allowed to take their rest breaks.  Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

57.     Plaintiff seeks, on behalf of himself and other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

58.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.*

## (BY PLAINTIFF AS PROXY FOR STATE OF CALIFORNIA AGAINST ALL DEFENDANTS)

59.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as though fully set for herein.

60.     Plaintiff brings this cause of action as a proxy for the State of California pursuant to the Private Attorneys General Act (the "PAGA"), Labor Code § 2698, *et seq.*, and in this

**FIRST AMENDED CLASS ACTION COMPLAINT**

capacity seeks penalties on behalf of all similarly aggrieved employees who have worked for Defendant in California at any time from October 30, 2017, through the present, for the violations of Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, and 1197.1, as alleged herein.

61.    On or about October 30, 2018, Plaintiff submitted written notice to the California Labor Workforce Development Agency (the "LWDA") and to Defendant via certified mail of the violations of Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, and 1197.1, pursuant to the PAGA. As of the date of this filing, the LWDA has not notified Plaintiff of whether it intends to investigate these violations.  Therefore, it is Plaintiff's position that she has exhausted her administrative remedies and may proceed on her PAGA claim.  Pursuant to the PAGA, Plaintiff seeks all applicable penalties for the violations of Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1197, and 1197.1 committed against Plaintiff and all similarly aggrieved employees, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.    For an order appointing Plaintiff as the representative of the classes as described herein;

2.    For an order appointing Counsel for Plaintiff as class counsel;

3.    Upon the First Cause of Action, for damages and/or penalties pursuant to statute as set forth in Labor Code § 226;

4.    Upon the Second Cause of Action, for damages and/or penalties pursuant to statute as set forth in Labor Code §§ 558, 1194, 1197, and 1197.1 and for costs and attorneys' fees;

5.    Upon the Third Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 510, 558, 1194, 1197, and 1197.1, and for costs and attorneys' fees;

6.    Upon the Fourth Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 226.7 and 512, and for costs;

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    7.    Upon the Fifth Cause of Action, for damages and/or penalties pursuant to

2   California Labor Code § 226.7, and for costs;

3    8.    Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly

4   effected members of the general public of all funds unlawfully acquired by Defendants by means

5   of any acts or practices declared by this Court to be in violation of Business and Professions

6   Code § 17200, *et seq.*;

7    9.    Upon the Seventh Cause of Action, for civil penalties pursuant to Labor Code §§

8   226.3 and 2699, as well as for attorneys' fees and costs;

9    10.    On all causes of action for attorneys' fees and costs as provided by California

10   Labor Code §§ 226, 558, and 1194, and Code of Civil Procedure § 1021.5; and

11    11.    For such other and further relief the Court may deem just and proper.

12

13   DATED: December 28, 2018                DIVERSITY LAW GROUP, P.C.

14

15

16                          By:_____/s/ Larry W. Lee_____
                                        Larry W. Lee
17                          Attorneys for Plaintiff and the Class

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT**