UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARTHA REILLY, | Case No. 18-cv-07385-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING PARTIAL MOTION TO DISMISS** |
| RECREATIONAL EQUIPMENT, INC., | Re: ECF No. 15 |
| Defendant. | |

## INTRODUCTION

Plaintiff Martha Reilly brings this putative class action for wage-and-hour violations against her former employer Recreational Equipment, Inc. ("REI"). Ms. Reilly brings seven claims:

1. a claim under California Labor Code § 226(a) for not providing accurate itemized wage statements;
2. a claim under California Labor Code §§ 558, 1194, 1197, and 1197.1 for failing to pay minimum wage by requiring employees to undergo security checks after they had "clocked out" at the ends of their shift without compensating them for that time;
3. a claim under California Labor Code §§ 510, 558, 1194, and 1197.1 for failing to pay overtime wages for the time employees spent undergoing security checks at the ends of their shifts and for not factoring in non-discretionary incentive pay such as bonuses into employees' rates of pay for the purposes of calculating their overtime pay,

ORDER – No. 18-cv-07385-LB

4. a claim under California Labor Code §§ 226.7 and 512 for failing to provide statutorily required meal breaks by requiring employees to undergo security checks after they had "clocked out" for their meal breaks;

5. a claim under California Labor Code § 226.7 for failing to provide statutorily required rest periods by requiring employees to undergo security checks after they had "clocked out" for their rest periods;

6. a claim under the California Unfair Competition Law (Business and Professions Code § 17200) based on her minimum-wage, overtime, meal-break, and rest-period allegations; and

7. a claim under the California Private Attorneys General Act ("PAGA").

REI moves to dismiss claims 2 through 6 on the grounds that Ms. Reilly does not actually plead any instances when she was forced to undergo a security check off the clock.[1] The court can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court grants REI's motion, dismissing claims 2 through 6. The court grants Ms. Reilly leave to amend.

## STATEMENT[2]

Ms. Reilly worked as a salesperson at an REI store in Berkeley, California, starting on an unspecified date and ending on or about August 15, 2018.[3] Ms. Reilly alleges:

> As a pattern and practice, Defendants suffered and permitted employees to work without payment of minimum wages for all hours worked in a workday and workweek. Specifically, Defendants failed to pay for time spent by employees undergoing security checks after they had already clocked-out at the end of their shifts. As with other Class Members, Plaintiff was required to undergo these security inspections without payment of minimum wages. . . .

---

[1] REI's notice of motion states that REI is moving to dismiss claims 2 through 7, Def. Notice of Motion – ECF No. 15 at 1, but its opening brief does not address claim 7, and in its reply, it states that it is seeking to dismiss only claims 2 through 6, Def. Reply – ECF No. 22 at 2. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Unless otherwise noted, the facts recited in the Statement are allegations from the First Amended Complaint ("FAC").

[3] FAC – ECF No. 13 at 4 (¶ 8).

ORDER – No. 18-cv-07385-LB          2

> . . . .
>
> . . . . As with other Class Members, Plaintiff underwent these security inspections without payment of overtime wages. Specifically, Plaintiff and Class Members worked numerous shifts throughout their employment with Defendant that were at least and/or in excess of 8 hours in a workday and/or 40 hours in a workweek. Thus, for these shifts which Plaintiff and Class Members worked that were 8 hours or more per workday and/or 40 hours per workweek, Defendant owes Plaintiff and Class Members additional overtime wages.
>
> As a pattern and practice, Defendants suffered and permitted employees to work in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay. Specifically, Defendants failed to pay overtime for time spent by employees undergoing security checks after they had already clocked-out at the end of their shifts. . . . Further, during their employment with Defendants, including during pay periods wherein Plaintiff and the Class worked overtime, Plaintiff and the Class also earned non-discretionary incentive pay, including without limitation, quarterly and monthly bonuses. . . .
>
> . . . .
>
> . . . . Defendants required Plaintiff and Class Members to undergo security checks after they clocked out to begin their off-duty meal breaks, but <u>before</u> they could take their meal breaks. Thus, Plaintiff and Class Members were denied their right to 30-minute, off-duty meal breaks for any and all shifts in which they worked 5 hours or longer. In other words, Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks because they remained under Defendants' control by virtue of having to undergo these security checks. . . .
>
> . . . .
>
> . . . . Defendants required Plaintiff and Class Members to undergo security checks after they clocked out to begin their off-duty 10-minute rest breaks, but before they could take their rest breaks. Thus, Plaintiff and Class Members were denied their right to 10-minute, off-duty rest breaks for any and all shifts in which they worked 3.5 hours or longer. In other words, Plaintiff and Class Members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their full 10-minute off-duty rest breaks because they remained under Defendants' control by virtue of having to undergo these security checks. . . .[4]

Ms. Reilly does not allege when she started working for REI. She also does not provide any detail about any given workweek when she had to undergo security checks or when she received

---

[4] *Id.* at 12–15 (¶¶ 36, 39–40, 43, 49).

less than minimum wage, worked more than 40 hours a week without receiving overtime pay, or did not receive her full meal breaks or rest periods. She does not allege how long her shifts were, or if her shifts lasted longer than the five hours required for a meal break or the three-and-a-half hours required for a rest period.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Id.* (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

### 1. California Labor Code Claims

#### 1.1 Governing Law

In *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2015), the Ninth Circuit set forth the standard for pleading wage and hour claims post-*Twombly* and *Iqbal*. The plaintiff there alleged that his employer violated the minimum-wage and overtime requirements of the federal Fair Labor Standards Act ("FLSA"). *Id.* at 639–40. Specifically, the complaint alleged:

> [T]he named plaintiff . . . [was] entitled to a minimum wage and an overtime hourly wage of time and one-half [his] regular hourly wage for all hours worked in excess of forty hours per week, the named plaintiff . . . worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime and/or minimum wage payments.

*Id.* at 646 (brackets and ellipses in original).

The Ninth Circuit held that this recitation was insufficient to state a claim in light of *Twombly* and *Iqbal*. *Id.* It reiterated "the Supreme Court's pronouncement in *Iqbal* that a Plaintiff's pleading burden cannot be discharged by 'a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action.'" *Id.* at 644 (internal brackets and ellipsis omitted) (quoting *Iqbal*, 556 U.S. at 678). It held that "[a]lthough plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* at 646. It confirmed that allegations that "merely allege[] that [a plaintiff] was not paid for overtime hours worked," without more, do not plead a plausible claim. *Id.*

*Twombly* and *Iqbal* apply to all civil claims in federal court (not just FLSA claims), and thus federal courts apply the *Twombly*/*Iqbal* standard as delineated in *Landers* to minimum-wage, overtime, meal-breaks, and rest-period claims under the California Labor Code. Courts have held that a plaintiff must plead facts demonstrating at least one workweek when she was not paid minimum wage, worked in excess of 40 hours a week and was not paid overtime, or was impeded from taking a meal break or rest period, to state a plausible claim. *See, e.g.*, *Cortez v. United Nat.*

*Foods, Inc.*, No. 18-cv-04603-BLF, 2019 WL 955001, at *10, *12 (N.D. Cal. Feb. 27, 2019) (applying *Landers* to California Labor Code minimum-wage, overtime, meal-break, and rest-period claims); *Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *4–7 (N.D. Cal. May 30, 2018) (generally same).

Courts have held that general allegations that a plaintiff "regularly" worked without being adequately compensated, without more facts, are conclusory and insufficient to state a claim. *See, e.g.*, *Bush v. Vaco Tech. Servs., LLC*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) ("[Plaintiff's] bare assertion that she 'regularly' worked more than the statutory requirement is conclusory and insufficient under the standard set forth in *Landers*.") (citing *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014)). Similarly, general allegations that the defendant "required" a plaintiff to work without being adequately compensated, without more facts, are conclusory and insufficient to state a claim. *See, e.g.*, *Bush*, 2018 WL 2047807, at *8 (allegations that "Plaintiff was required to report to [defendant]'s headquarters" at certain times "is another way of saying that [plaintiff] and the putative class 'regularly' worked excess hours, and does not amount to an allegation that [plaintiff] *actually* worked [excess hours]") (emphasis in original); *McMillian v. Overton Sec. Servs., Inc.*, No. 17-cv-03354-JSC, 2017 WL 4150906, at *2 (N.D. Cal. Sept. 19, 2017) (allegations that plaintiff "was required to work in excess of 40 hours per week" fail to state a plausible claim).

### 1.2 Application

Ms. Reilly's boilerplate allegations do not state a plausible claim.

With respect to her minimum-wage and overtime claims, Ms. Reilly alleges that she "was required to undergo [] security inspections without payment of minimum wages"[5] and "underwent [] security inspections without payment of overtime wages,"[6] without further facts. For example, she does not plead how many hours she worked or any facts regarding a workweek when she was not paid minimum wage or worked in excess of 40 hours a week and was not paid overtime, other

---

[5] FAC – ECF No. 13 at 12 (¶ 36).

[6] *Id.* (¶ 39).

than to say generally that "Plaintiffs and Class Members worked numerous shifts throughout their employment with Defendant that were at least and/or in excess of 8 hours in a workday and/or 40 hours a workweek."[7] This vague recitation is insufficient to state a claim. *Cf. Cortez*, 2018 WL 955001, at *12 (dismissing overtime claim where "Plaintiff provides no facts about his work duties, his hours worked, or any other details relevant to the number of hours he worked at any time or in any week"); *Bush*, 2018 WL 2047807, at *9 (dismissing overtime claim because "[plaintiff's] bare assertion that she 'regularly' worked more than the statutory requirement is conclusory and insufficient"); *McMillian*, 2017 WL 4150906, at *3 (dismissing overtime claim because "rather than alleging a typical number of hours worked, Plaintiff makes a vaguer reference to work 'in excess of eight hours a day.' . . . [which] do[es] not support an overtime claim").

Similarly, with respect to her meal-breaks and rest-period claims, Ms. Reilly alleges that she was "required . . . to undergo security checks after [she] clocked out to begin [her] off-duty meal breaks, but before [she] could take [her] meal breaks" and thus "w[as] denied [her] right to 30-minute, off-duty meal breaks for any and all shifts in which [she] worked 5 hours or longer,"[8] and was "required . . . to undergo security checks after [she] clocked out to begin [her] off-duty 10-minute rest breaks, but before [she] could take [her] rest breaks" and thus "w[as] denied [her] right to 10-minute, off-duty rest breaks for any and all shifts in which [she] worked 3.5 hours or longer."[9] Like her minimum-wage and overtime allegations, these allegations are too conclusory to state a claim. *Cf. Cortez*, 2018 WL 955001, at *10. Among other things, Ms. Reilly claims she was deprived of meal breaks and rest periods for "any and all shifts" in which she worked more than five hours or three-and-a-half hours, respectively, but she does not allege that she actually worked shifts of more than five hours or three-and-a-half hours. This is insufficient to state a claim. *Cf. Yang v. Francesca's Collections, Inc.*, No. 17-cv-04950-HSG, 2018 WL 984637, at *6

---

[7] *Id.* at 12 (¶ 39).
[8] *Id.* at 14 (¶¶ 43–44).
[9] *Id.* at 15 (¶¶ 49–50).

(N.D. Cal. Feb. 20, 2018) (dismissing claim where plaintiff alleges that "she 'was often alone at the store from 9:30 a.m. to at least 1:00 p.m. each day that she worked with no one to relieve her for a break,'" because this allegation does not "plausibly plead facts showing that Defendant field to provide her with a rest period during any four-hour span of work, in part because she fails to plead how long her shifts were"); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 940–41 (N.D. Cal. 2016) (dismissing claim where "[a]lthough [plaintiff's] general allegations suggest that the Defendants may be liable for the misconduct alleged in the abstract, they do not suggest that *[plaintiff]* is plausibly entitled to relief for the allegedly illegal conduct. Nowhere in the complaint does [plaintiff] provide any factual information to suggest that he personally worked any shift that was long enough to trigger meal and rest break obligations.") (emphasis in original, citations omitted).

Ms. Reilly cites to *Acho v. Cort*, No. C 09-00157 MHP, 2009 WL 3562472 (N.D. Cal. Oct. 27, 2009), *McKeen-Chapin v. Franklin American Mortgage Co.*, No. C 10-5243 SBA, 2011 WL 4082543 (N.D. Cal. Sept. 13, 2011), and *Chiu v. Citrix Systems, Inc.*, No. SA CV 11-1121 DOC (RNBx), 2011 WL 6018278 (C.D. Cal. Nov. 23, 2011), to argue that she has pleaded a plausible claim. These cases are inapposite and distinguishable. In *Acho*, the court specifically required the plaintiff to allege the time period during which he worked for the defendant and held that after "Plaintiff has indicated the time period during which he worked for defendant[, a] review by defendant of defendant's employment records would provide the specific number of overtime hours worked by plaintiff." *Acho*, 2009 WL 3562472, at *3 & n.2. Here, Ms. Reilly has not alleged the time period during which she was employed by REI,[10] much less facts that satisfy the standard the Ninth Circuit established in *Landers*. In *McKeen-Chapin* and *Chiu*, the plaintiffs alleged specific facts regarding their minimum-wage and overtime claims. *McKeen-Chapin*, 2011 WL 4082543, at *3 (plaintiff alleged "specific examples where she worked more than forty hours per week but did not receive overtime compensation"); *Chiu*, 2011 WL 6018278, at *4 ("Plaintiff

---

[10] *See* FAC – ECF No. 13 at 4 (¶ 8) (alleging when Ms. Reilly's employment ended but not when it started).

did not merely allege that Defendant required Plaintiff to work overtime without lawful compensation. Rather, Plaintiff alleged that he worked a specific number of hours — between 50 and 60 hours a week — and has unpaid overtime in excess of $75,000."). While the court does not imply that the level of specificity that was present in *McKeen-Chapin* and *Chiu* is necessary to state a claim, nor do those cases support Ms. Reilly's argument that her less detailed and more conclusory allegations here are sufficient to state a claim.[11]

Ms. Reilly also claims that the California Labor Code differs substantively from the FLSA in that the FLSA "de minimis" doctrine does not apply to California Labor Code claims, citing *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018). Ms. Reilly thus argues that the *Landers* standard should not apply to her claims. This confuses two separate issues. As Ms. Reilly acknowledges, *Troester* addressed a question of the substance of the California Labor Code. *Landers*, by contrast, addresses the procedural question of what is required under *Twombly* and *Iqbal* to plead a claim in federal court. Ms. Reilly's claims are subject to dismissal not because the time she alleged she worked without being adequately compensated was "de minimis" but because she does not adequately plead time that she worked without being adequately compensated.[12]

Ms. Reilly has not adequately pleaded her claims 2 through 5 (her California Labor Code claims).

---

[11] Ms. Reilly also argues that judges in this district have granted class certification in three other cases: *Lao v. H&M Hennes & Mauritz, L.P.*, No. 5:16-cv-00333-EJD (N.D. Cal. filed Jan. 21, 2016), *Rodriguez v. Nike Retail Services, Inc.*, No. 5:14-cv-01508-BLF (N.D. Cal. filed Apr. 1, 2014), and *Chavez v. Converse, Inc.*, No. 5:15-cv-03746-NC (N.D. Cal. filed Aug. 17, 2015). None of those cases involved motions to dismiss. The fact that courts may have granted class certification in wholly unrelated cases has no bearing on the sufficiency of Ms. Reilly's allegations here.

[12] Ms. Reilly's citations to cases addressing the substance of California Labor Code law with respect to meal breaks and rest periods, Pl. Opp'n – ECF No. 18 at 17–18, is inapposite for the same reason. Ms. Reilly's claims are subject to dismissal not because employers are allowed to subject employees to security checks during their meal breaks and rest periods (a subject on which the court expresses no opinion now) but because Ms. Reilly does not adequately plead that she was entitled to meal breaks and rest periods and was subject to security checks during those breaks.

United States District Court
Northern District of California

**2. California Unfair Competition Law Claim**

Ms. Reilly's Unfair Competition Law ("UCL") claim relies on and is derivative of her minimum-wage, overtime, meal-break, and rest-period claims.[13] "[B]ecause [her] UCL claim is derivative of the other claims . . . that the Court dismisses in this Order, the derivative UCL claim must also be dismissed." *Cf. Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 WL 884177, at *15 (N.D. Cal. Feb. 22, 2019) (citing *Avila v. Bank of Am.*, No. 17-cv-00222-HSG, 2017 WL 4168534, at *5 (N.D. Cal. Sept. 20, 2017)).

# CONCLUSION

The court grants REI's motion to dismiss claims 2 through 6 of the First Amended Complaint. The dismissal is without prejudice, and Ms. Reilly may file an amended complaint within 21 days of the date of this order. (If she files an amended complaint, she must also file as an attachment a blackline of her new amended complaint against her First Amended Complaint.)

**IT IS SO ORDERED.**

Dated: March 4, 2019

LAUREL BEELER
United States Magistrate Judge

---

[13] FAC – ECF No. 16–17 (¶ 56).