Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
KwanpornTulyathan (State Bar No. 316704)
ktulyathan@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

WILLIAM L. MARDER, ESQ. (CBN 170131)
bill@polarislawgroup.com
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA REILLY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RECREATIONAL EQUIPMENT, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:18-cv-07385-LB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:        March 26, 2020<br>Time:        9:30 a.m.<br>Dept.:       B, 15th Floor<br>Judge:       Hon. Laurel Beeler |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 26, 2020, at 9:30 a.m., or as soon thereafter as counsel may be heard, before the Honorable Magistrate Judge Laurel Beeler, in Courtroom B of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Plaintiff Martha Reilly ("Plaintiff") will and hereby does move the Court for preliminary approval of the proposed class and representative action settlement. Specifically, Plaintiff respectfully requests that the Court: (1) grant preliminary approval for the proposed class and representative action settlement; (2) grant conditional certification of the proposed settlement class; (3) authorize the mailing of the proposed notice to the class of the settlement; and (4) schedule a "fairness hearing," i.e., a hearing on the final approval of the settlement.

Plaintiff makes this motion on the grounds that the proposed settlement is within the range of possible final approval, and notice should, therefore, be provided to the class.  This Motion is based upon this Notice of Motion and Motion for Preliminary Approval of Class and Representative Action Settlement, the attached Memorandum of Points and Authorities in Support, the Declarations of Larry W. Lee, Dennis S. Hyun, William L. Marder, and Martha Reilly filed herewith, the Joint Stipulation of Class and Representative Action Settlement Agreement and Release filed herewith, any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

DATED:  February 19, 2020                    DIVERSITY LAW GROUP, P.C.

                                             By:   /s/ Larry W. Lee
                                                   Larry W. Lee
                                             Attorneys for Plaintiff and the Class

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION AND SUMMARY OF AGREEMENT ..................................... 8

A.    Factual Allegations and Procedural Background .................................. 8

B.    Summary of the Current Settlement ..................................................... 9

C.    The Settlement is Fair, Reasonable, and Adequate ........................... 12

II.   LEGAL ANALYSIS ........................................................................................ 12

A.    The Class at Issue and the Settlement Fund ...................................... 12

B.    Two-Step Approval Process ................................................................ 12

C.    The Standard for Preliminary Approval .............................................. 13

D.    Procedures for Settlement Before Class Certification ........................ 14

E.    The Settlement is Fair and Reasonable and Not the Result of Fraud or Collusion ... 15

  1.    The Settlement May be Presumed Fair and Reasonable ............................. 15

    a.    Experience of Class Counsel .................................................. 16

    b.    Investigation Prior to Settlement ............................................ 17

  2.    The Settlement is Fair, Reasonable, and Adequate ........................... 18

    a.    Risk of Continued Litigation .................................................. 18

    b.    The Settlement is Within the Range of Reasonableness ....................... 19

    c.    The Complexity, Expense, and Likely Duration of Continued Litigation Against the Settling Defendant Favors Approval ........................... 20

    d.    Non-Admission of Liability by Defendants ................................ 20

F.    The Proposed Settlement Class Satisfies the Elements for Certification ............... 21

  1.    Numerosity .............................................................................. 21

  2.    Ascertainability ....................................................................... 21

**3.    Typicality**................................................................................................. 21

**4.    Commonality**.......................................................................................... 22

**5.    Adequacy**................................................................................................ 22

**6.    Common Questions of Law and Fact Predominate** ................................ 23

**7.    Superiority of Class Action** .................................................................. 23

**G.    The Notice to be Given is the Best Practical** ................................................ 23

**H.    Attorneys' Fees, Costs, and Class Representative Enhancement Payment** ........... 24

**I.    Settlement Administrator** ......................................................................... 24

**J.    Class Action Fairness Act ("CAFA")** ........................................................ 25

**III.    CONCLUSION** .................................................................................................. 25

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

1

**TABLE OF AUTHORITIES**

2
<u>**Page(s)**</u>

3
**Federal Cases**

4
*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979)............................................. 18

5
*Chavez v. Adidas America, Inc.*, N.D. Cal. Case No. 5:16-cv-06533-LHK. ............................... 16

6
*Chavez v. Converse, Inc.*, N.D. Cal. Case No. 15-3746 NC, Dkt. No. 89 (N.D. Cal. Sept. 22,

7
2016) ................................................................................................................................. 22

8
*Cook v. Niedert*, 142 F.3d 1004, 1015 (7th Cir. 1998) .............................................................. 24

9
*Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).............................................................. 18, 20

10
*Greer v. Dick's Sporting Goods, Inc.*, 2017 WL 1354568, at *6 (E.D. Cal. Apr. 13, 2017)........ 22

11
*Hammon v. Barry*, 752 F. Supp. 1087, 1093-1094 (D.D.C. 1990)............................................... 16

12
*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) .......................................... 22, 23

13
*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)................... 21

14
*In re Chicken Antitrust Litig.*, 560 F. Supp. 957, 962 (N.D. Ga. 1980)....................................... 16

15
*In re Excess Value Ins. Coverage Litig.*, No. M-21-84 (RMB), 2004 WL 1724980, at *10

16
(S.D.N.Y. July 30, 2004) ................................................................................................. 15

17
*In re General Motors Corp.*, 55 F.3d 768, 806 (3d Cir. 1995)................................................... 18

18
*In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Ohio 2001) ................... 15

19
*In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251,

20
256 (C.D. Cal. 1988).......................................................................................................... 21

21
*Jordan v. L.A. County*, 669 F.2d 1311, 1320 (9th Cir.)............................................................ 21

22
*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 9th Cir. 1978)............................... 22

23
*Magadia v. Wal-Mart Assocs., Inc.*, 324 F.R.D. 213, 225 (N.D. Cal. 2018)............................... 22

24
*Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 682 (7th Cir.

25
1987) ................................................................................................................................. 15

26
*Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590, 596 (C.D. Cal. 2015)....... 22

27
*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).... 16, 20

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND<br>REPRESENTATIVE ACTION SETTLEMENT

*Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)........................................................................................ 13, 14, 15, 20

*Otsuka v. Polo Ralph Lauren Corp.*, 2010 WL 366653, at *5 (N.D. Cal. Jan. 25, 2010) ........... 22

*Patrick v. Marshall*, 460 F. Supp. 23, 26 (N.D. Cal. 1978) ........................................................ 21

*Philadelphia Hous. Auth. v. Am. Radiator & Standard. Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970)................................................................................................................ 14

*Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989)............................................................... 15

*Rodriguez v. Nike Retail Services, Inc.*, 2016 WL 8729923, at *6 (N.D. Cal. Aug. 19, 2016).... 22

*Sommers v. Abraham Lincoln Federal Sav. & Loan Ass'n*, 79 F.R.D. 571, 576 (E.D. Pa. 1978) 16

*Steinberg v. Carey*, 470 F. Supp. 471, 478 (S.D.N.Y. 1979)....................................................... 16

*Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).......... 13, 15

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) .......................................... 20

*Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) ................ 24

*Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 284 (D. Colo. 1997) ............................... 15

*Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) ..................................................... 15

*Young v. Katz*, 447 F.2d 431, 433-34 (5th Cir. 1971) ................................................................. 20

**State Cases**

*Carrington v. Starbucks Corp.*, 30 Cal. App. 5th 504 (2018) ...................................................... 17

**Statutes**

28 U.S.C. § 1715 ......................................................................................................................... 25

28 U.S.C. § 1715(b) .................................................................................................................... 25

California Civil Code § 1542 ...................................................................................................... 24

Labor Code § 1194........................................................................................................................ 9

Labor Code § 1197........................................................................................................................ 9

Labor Code § 1197.1..................................................................................................................... 9

Labor Code § 226...................................................................................................................... 8, 9

Labor Code § 226(a)................................................................................................................. 9, 22

Labor Code § 226(a)(2) ................................................................................................................. 8

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

Labor Code § 226(a)(9) ............................................................................................. 8

Labor Code § 226(e) ................................................................................................ 19

Labor Code § 226.7 .................................................................................................... 9

Labor Code § 510 ....................................................................................................... 9

Labor Code § 512 ....................................................................................................... 9

Labor Code § 558 ....................................................................................................... 9

Labor Code § 2698 ..................................................................................................... 9

**Other Authorities**

4 Conte & Newberg, *Newberg on Class Actions*, § 11.26 (4th ed. 2010) ............................. 13, 15

4 Conte & Newberg, *Newberg on Class Actions*, § 11.41 .............................................. 20

4 Conte & Newberg, *Newberg on Class Actions*, §11.45 .............................................. 19

4 Conte & Newberg, *Newberg on Class Actions*, §11.47 .............................................. 16

5 James Wm. Moore et al., *Moore's Federal Practice* § 23.165 (3d ed. 2010) ......................... 14

Manual for Complex Litigation ("MCL") (4th ed. 2004), § 21.632 ........................... 13, 14, 18

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... 18

Fed. R. Civ. P. 23(a)(1) ............................................................................................ 21

Fed. R. Civ. P. 23(a)(2) ............................................................................................ 22

Fed. R. Civ. P. 23(a)(3) ............................................................................................ 21

Fed. R. Civ. P. 23(a)(4) ............................................................................................ 22

Fed. R. Civ. P. 23(b)(3) ............................................................................................ 23

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................................... 23

Fed. R. Civ. P. 23(e)(B) ............................................................................................ 23

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
REPRESENTATIVE ACTION SETTLEMENT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.     INTRODUCTION AND SUMMARY OF AGREEMENT

3

Plaintiff Martha Reilly ("Plaintiff") respectfully requests that the Court grant preliminary

4

approval of the Joint Stipulation of Class and Representative Action Settlement Agreement and

5

Release (hereinafter referred to as "Settlement Agreement" or "Settlement") that she has reached

6

in the above-captioned matter with Defendant Recreational Equipment, Inc. ("Defendant")

7

(Plaintiff and Defendant collectively referred to as the "Parties").

8

### A.     Factual Allegations and Procedural Background

9

Plaintiff was hired by Defendant as a non-exempt employee at Defendant's retail store

10

located in Berkeley, California.  Plaintiff worked for Defendant from about 2007, until on or

11

about August 15, 2018.

12

As with all other non-exempt retail store employees in the State of California, Plaintiff

13

alleges that she was required to undergo security checks after clocking out of work, including at

14

the end of her shift and prior to being released for meal and rest breaks.  Plaintiff alleges that

15

since these security checks were conducted off-the-clock, Plaintiff was not paid for this time

16

spent under Defendant's control and did not receive full and complete off-duty meal and rest

17

breaks.  As a result, Plaintiff claims that she is owed unpaid wages, including minimum and

18

overtime wages, as well as meal and rest period premium pay, and penalties for failure to pay all

19

wages owed upon separation of employment.  Additionally, Plaintiff claims that Defendant

20

violated § 226 by not providing Plaintiff and other employees with an accurate itemized wage

21

statement listing the correct rate of pay for overtime wages and total hours worked in violation of

22

Labor Code §§ 226(a)(9) and 226(a)(2), respectively.  Specifically, Plaintiff asserts that

23

Defendant listed her overtime rate as 0.5 times the base rate of pay, rather than 1.5 times the base

24

rate of pay.  Further, Plaintiff asserts that due to the incorrect overtime rate, the total hours listed

25

on Plaintiff's wage statements was incorrect.  Plaintiff contends that Defendant listed Plaintiff's

26

overtime hours twice, once in the regular hours section and again in the Overtime Premium hours

27

section, which was tallied into an erroneously elevated total hours count.

28

Defendant alleges that it properly paid its employees and provided them with accurate

itemized wage statements that complied with Labor Code § 226.

On October 31, 2018, Plaintiff commenced this action in Superior Court for the State of California, County of Alameda, alleging claims for violation of California Labor Code §§ 226(a), 226.7, 510, 512, 558, 1194, 1197, and 1197.1, and California Business and Professions Code § 17200 *et seq.*

On December 7, 2018, Defendant filed a Notice of Removal of Action to the United States District Court for the Northern District of California.

On December 10, 2018, Plaintiff filed a First Amended Complaint, alleging an additional claim for violation of California Labor Code § 2698, *et seq.*

On March 13, 2019, Plaintiff filed a Second Amended Complaint alleging additional facts to her complaint. The Second Amended Complaint is the operative complaint ("Complaint").

Plaintiff conducted formal written discovery, including propounding interrogatories and requests for production. Plaintiff obtained and reviewed Defendant's discovery responses and document production. Plaintiff also took the depositions of Defendant's FRCP 30(b)(6) witnesses regarding its security check and payroll policies and procedures. Defendant also took the deposition of Plaintiff. (Declaration of Larry W. Lee ("Lee Decl.") ¶ 3.)

The Parties then agreed to conduct a private mediation with wage and hour class action mediator Steve Rottman on November 13, 2019. (Lee Decl. ¶ 4.) In connection with the mediation, Defendant provided Plaintiff with data for the entire class, which permitted Plaintiff's counsel to conduct a damage analysis. (*Id.*)

**B.     Summary of the Current Settlement**

Again, on November 13, 2019, the Parties attended an all-day mediation before Steve Rottman. After a full day of negotiations, the Parties were able to resolve the case on a class-wide basis and entered into a Memorandum of Understanding. (Lee Decl. ¶ 4.) The negotiations were hard fought and contentious. As a result thereof, the Parties have reached the current settlement, which provides for a total settlement sum of $5 million dollars inclusive of payments to settlement class members, the class representative enhancement, attorneys' fees and costs,

payment to the State of California Labor and Workforce Development Agency (pursuant to PAGA), and settlement administration costs.

Pursuant to the terms of the Settlement Agreement, the Net Settlement Amount ("NSA") (after deduction of attorneys' fees in the amount of up to $1,666,666.67, costs up to $30,000, enhancement fee in the amount of up to $10,000, PAGA penalties in the amount of $112,500 to the Labor Workforce Development Agency (the "LWDA"), or 75% of $150,000), and costs of administration in the amount of approximately $29,750) is approximately $3,151,083.33. (Settlement Agreement at §§ 11.2, 11.12, 11.18, 11.20, 14.4.)  20% of the NSA will be allocated as wages, 20% of the NSA will be allocated as interest, and 60% of the NSA will be allocated as penalties.  (Settlement Agreement at § 17.7.)  Defendant will be responsible for the employer portion of payroll taxes.  (Settlement Agreement at § 17.6.)  Distributions from the PAGA Payment to PAGA Members will be allocated as 100% penalties.  (Settlement Agreement at § 17.7.)

Individual settlement payments will be calculated based on the number of pay periods a Class Member worked during the Class Period and the PAGA Period.  Specific calculations of individual settlement payments will be made as follows:

1. The Settlement Administrator will determine the number of pay periods (rounded to the nearest whole or half pay period) worked by each Participating Class Member during the Class Period, the amount from the Net Class Settlement Amount to be paid per pay period, the number of pay periods (rounded to the nearest whole or half pay period) worked by each PAGA Member during the PAGA Period, the amount from the PAGA Payment to be paid per pay period, and the Individual Settlement Payments to be distributed to each Class Member.

2. Defendant's pay period data will be presumed to be correct, unless a Class Member proves otherwise to the Settlement Administrator by credible evidence.  All pay period disputes will be resolved and decided by the Settlement Administrator, and the Settlement Administrator's decision on all pay period disputes will be final and non-

appealable.

3.  Distribution of the Net Class Settlement Amount will be calculated by dividing the Net Class Settlement Amount by the total number of pay periods for all Participating Class Members during the Class Period (resulting in the "Class Pay Period Value"), and then multiplying the Class Pay Period Value by the number of pay periods worked by each Participating Class Member during the Class Period.[1]

4.  Distribution of the portion of the PAGA Payment allocable to alleged aggrieved employees will be calculated by dividing $37,500.00 by the total number of pay periods for all PAGA Members during the PAGA Period (resulting in the "PAGA Pay Period Value"), and then multiplying the PAGA Pay Period Value by the number of pay periods worked by each PAGA Member during the PAGA Period.[2]

    **Significantly, this settlement is non-reversionary and claim forms are <u>not</u> required**. In other words, none of the unclaimed settlement funds will revert back to Defendant and a class member need not do anything to receive his or her share.  Instead, the class member will automatically receive (1) a check in connection with resolution of the class claims so long as he or she does not opt-out; and (2) a check in connection with resolution of PAGA claim. andAny remaining monies from uncashed checks will be distributed to Alliance for Children's Rights.[3] (Settlement Agreement at § 17.5.)

    The class members can be ascertained from Defendant's payroll records.  Based upon Defendants' records, the estimated number of unique class members is approximately 7,065. (Lee Decl. ¶ 3).  Further, as discussed above, class members have the right to opt-out of the settlement of the class claims.

---

[1] All pay period calculations shall be rounded to the nearest whole or half pay period.

[2] All pay period calculations shall be rounded to the nearest whole or half pay period.

[3] The Alliance for Children's Rights ("the Alliance") provides advocacy and free legal services for children and young adults impacted by foster care, work to train and educate those who work with or care for those children, and strive to create policy changes that better children's lives.  The Alliance also has an adoption program and perform 1/3 of all the adoptions in Los Angeles County. The Alliance provides special programs for educational assistance for foster children in overcoming trauma and other barriers to academic and social success, benefits to children in foster care or guardianship, and job skills and experience for young adults.  The Alliance has received Charity Navigator's four star rating for twelve consecutive years.  Neither Party has a relationship to the Alliance.

### C.    The Settlement is Fair, Reasonable, and Adequate

Based on their own respective independent investigations and evaluations, the Parties and their respective counsel are of the opinion that settlement for the consideration and on the terms set forth in their Settlement is fair, reasonable, and adequate and is in the best interests of the Class and the Defendant in light of all known facts and circumstances and the expenses and risks inherent in litigation.  (Lee Decl. ¶¶ 6-7; Declaration of Dennis Hyun ("Hyun Decl.") ¶¶ 7-8; Declaration of William L. Marder ("Marder Decl.") ¶¶ 2-5.)

Defendant denies any liability or wrongdoing of any kind associated with the claims alleged by Plaintiff, and further denies that, for any purpose other than that of settling this lawsuit, this action is appropriate for class treatment.  If this case continued in litigation, Defendant also would assert that Plaintiff would not be able to certify her claims or prevail on liability.  Defendant maintains that it has complied with all applicable wage and hour laws.

Based on the approximate 7,065 class members, each Participating Class Member will receive a raw average of approximately $446.01 after deduction for attorneys' fees, enhancement payment, payment to the Labor and Workforce Development Agency ("LWDA"), administration costs, and litigation costs.  Each individual class member's settlement amount may be more or less than this raw average, depending on the number of pay periods the class member worked during the Class Period.

## II.    LEGAL ANALYSIS

### A.    The Class at Issue and the Settlement Fund

Defendant has agreed to collect information regarding the identity of the members of the Settlement Class.  The Parties have further agreed and stipulated that this class be certified on a provisional, non-mandatory basis for the purposes of this settlement only.  As set forth in the Settlement, the Parties have agreed that the settlement is non-reversionary and that claim forms will not be required.

### B.    Two-Step Approval Process

Any settlement of class litigation must be reviewed and approved by the Court.  This is done in two steps: (1) an early (preliminary) review by the court, and (2) a final review and

approval by the court after notice has been distributed to the class members for their comment or

objections. The Manual for Complex Litigation, Fourth states:

> Review of a proposed class action settlement generally involves
> two hearings.  First, counsel submit the proposed terms of
> settlement and the judge makes a preliminary fairness evaluation.
> In some cases, this initial evaluation can be made on the basis of
> information already known, supplemented as necessary by briefs,
> motions, or informal presentations by parties.  If the case is
> presented for both class certification and settlement approval, the
> certification hearing and preliminary fairness evaluation can
> usually be combined.  The judge should make a preliminary
> determination that the proposed class satisfies the criteria set out in
> Rule 23(a) and at least one of the subsections of Rule 23(b).  If
> there is a need for subclasses, the judge must define them and
> appoint counsel to represent them.  The judge must make a
> preliminary determination on the fairness, reasonableness, and
> adequacy of the settlement terms and must direct the preparation of
> notice of the certification, proposed settlement, and date of the
> final fairness hearing.

Manual for Complex Litigation ("MCL") (4th ed. 2004), § 21.632.

Thus, the preliminary approval by the trial court is simply a conditional finding that the

settlement appears to be within the range of acceptable settlements.  As Professor Newberg

comments, "[t]he strength of the findings made by a judge at a preliminary hearing or conference

concerning a tentative settlement proposal may vary.  The court may find that the settlement

proposal contains some merit, is within the range of reasonableness required for a settlement

offer, or is presumptively valid subject only to any objections that may be raised at a final

hearing."  4 Conte & Newberg, *Newberg on Class Actions*, § 11.26 (4th ed. 2010).  Accordingly,

a court should grant preliminary approval of a class action settlement where it is within the

"range of reasonableness."  Here, the Parties have reached such an agreement and have

submitted it to the Court in connection with this filing.

**C.     The Standard for Preliminary Approval**

As a matter of public policy, settlement is a strongly favored method for resolving

disputes.  *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).

This is especially true in complex class actions such as this case.  *Officers for Justice v. Civil

Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Preliminary approval does not require the Court to make a final determination that the

settlement is fair, reasonable, and adequate.  Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement.  5 James Wm. Moore et al., *Moore's Federal Practice* § 23.165 (3d ed. 2010).  In considering the settlement, the Court need not reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute and need not engage in a trial on the merits. *Officers for Justice*, 688 F.2d at 625.  Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement ... may be submitted to members of the prospective class for their acceptance or rejection."  *Philadelphia Hous. Auth. v. Am. Radiator & Standard. Sanitary Corp*., 323 F. Supp. 364, 372 (E.D. Pa. 1970).

"The judge should raise questions at the preliminary hearing and perhaps seek an independent review if there are reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys."  MCL § 21.633. Here, the proposed settlement does not pose such issues.  This was a highly contentious litigation with the Parties each being represented by highly competent counsel.  As discussed above and the declarations submitted herewith, the Parties engaged in substantial motion practice and conducted thorough investigations related to the claims and defenses alleged in this case. Further, the proposed settlement was reached after the Parties utilized the assistance of an experienced mediator and after substantial arm's length negotiations between the Parties.

As detailed herein, the proposed Settlement satisfies the standard for preliminary approval as it is well within the range of possible approval and there are no grounds to doubt its fairness.  The Parties' attorneys have extensive experience in employment law, particularly wage and hour litigation, and reached settlement only after mediation and extensive arm's length negotiations subsequent to the mediation.

### D.    Procedures for Settlement Before Class Certification

The parties also may, at the preliminary approval stage, request that the court provisionally approve certification of the class – conditional upon final approval of the

settlement.  Settlements are highly favored, particularly in class actions.  *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989); *Officers for Justice*, 688 F.2d at 625; *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 284 (D. Colo. 1997). Plaintiffs request such provisional approval at the preliminary approval hearing:

> The strength of the findings made by a judge at a preliminary hearing or conference concerning a tentative settlement proposal…may be set out in conditional orders granting tentative approval to the various items submitted to the court.  Three basic rulings are often conditionally entered at this preliminary hearing.  These conditional rulings may approve a temporary settlement class, the proposed settlement, and the class counsel's application for fees and expenses.

4 Newberg on Class Actions at §11.26.

There is a presumption that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations.  *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs."); *In re Excess Value Ins. Coverage Litig.*, No. M-21-84 (RMB), 2004 WL 1724980, at *10 (S.D.N.Y. July 30, 2004) ("Where 'the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness.'") (Citations omitted); *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Ohio 2001) ("When a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair.").  Here, the Parties have also stipulated to certify the class for purposes of this settlement only.  For reasons set forth in greater detail below, Class Counsel is of the opinion that this case can be certified for settlement purposes.

### E.    The Settlement is Fair and Reasonable and Not the Result of Fraud or Collusion

#### 1.    The Settlement May be Presumed Fair and Reasonable

Courts presume the absence of fraud or collusion in the negotiation of settlement unless evidence to the contrary is offered.  *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989); *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 682 (7th Cir. 1987); *In*

*re Chicken Antitrust Litig.*, 560 F. Supp. 957, 962 (N.D. Ga. 1980).  Courts do not substitute their judgment for that of the proponents, particularly where, as here, settlement has been reached with the participation of experienced counsel familiar with the litigation.  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 528 (C.D. Cal. 2004); *Hammon v. Barry*, 752 F. Supp. 1087, 1093-1094 (D.D.C. 1990); *Steinberg v. Carey*, 470 F. Supp. 471, 478 (S.D.N.Y. 1979); *Sommers v. Abraham Lincoln Federal Sav. & Loan Ass'n*, 79 F.R.D. 571, 576 (E.D. Pa. 1978).

While the recommendations of counsel proposing the settlement are not conclusive, the Court can properly take them into account, particularly where, as here, they appear to be competent and have experience with this type of litigation.  *Newberg on Class Actions* at §11.47; *Nat'l Rural Telecomms. Coop*., 221 F.R.D. at 528 ("So long as the integrity of the arm's length negotiation process is preserved, however, a strong initial presumption of fairness attaches to the proposed settlement…and 'great weight' is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.") (Citations omitted).

### a.    Experience of Class Counsel

Here, counsel for the Parties have a great deal of experience in wage and hour class action litigation.  Plaintiffs' Counsel have been approved as class counsel in a number of other wage/hour class actions.  (Lee Decl. ¶¶ 10-14; Hyun Decl. ¶¶ 3-6; Marder Decl. ¶¶ 8-15.)  Further, as set forth in Plaintiff's counsel's accompanying declaration, they obtained final approval of a class settlement in a comparable security check class action before the Honorable Lucy Koh in the case entitled, *Chavez v. adidas America, Inc.*, N.D. Cal. Case No. 5:16-cv-06533-LHK.  (Lee Decl. ¶ 15).  The gross settlement was $1.5 million for approximately 4,000 class members.  (*Id.*)  The Parties agreed to notice by U.S. mail.  (*Id.*)  The average recovery per class member was $245.90.  (*Id.*)  The administrative fees charged by Rust Consulting was $27,000.  (*Id.*)  The Parties allocated the uncashed funds based on the prior version of California Code of Civil Procedure § 384 as follows: twenty-five percent to the State Treasury to deposit in the Trial Court Improvement and Monetization Fund ($34,820.97); twenty-five percent to the State Treasury to deposit in the Equal Access Fund of the Judicial Branch ($34,820.97); and

1    fifty-percent to the Legal Aid Employment Law Section ($69,641.94). (*Id.*) Judge Koh awarded

2    attorneys' fees in the amount of $375,000 and costs in the amount of $18,935.49. (*Id.*)

3        Plaintiff's counsel also conducted an extensive investigation of the factual allegations,

4    formal written and deposition discovery, communicated with class members, and obtained data

5    for the entire class. (Lee Decl. ¶ 3.) Thus, based upon such experience and knowledge of the

6    current case, Plaintiff's Counsel believe that the current Settlement is fair, reasonable, and

7    adequate. (Lee Decl. ¶¶ 6-9; Hyun Decl. ¶¶ 7-8; Marder Decl. ¶¶ 2-5.)

8                    **b.    Investigation Prior to Settlement**

9        Each side has apprised the other of their respective factual contentions, legal theories, and

10   defenses, resulting in extensive arm's length negotiations taking place among the Parties.

11   Indeed, prior to the mediation, Defendant provided to Plaintiff detailed pay and time data for the

12   **entire** Class, which included the number of payroll periods at issue. From this data, Plaintiff's

13   counsel was able to calculate the maximum amount of class-wide damages, which is

14   approximately $$17.8 million, which is based on approximately $2.1 million owed due to the

15   security checks, approximately $11 million for potential waiting time penalties, and

16   approximately $4.7 million for inaccurate wage statements. (Lee Decl. ¶ 9.) With respect to the

17   PAGA penalties, which are discretionary and subject to reduction by this Court, the potential

18   maximum is approximately $25,000,000. (*Id.*) Given the uncertainty of litigation, including the

19   potential to not prevail on class certification, or the merits, and the potential for appeals, Class

20   Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best

21   interest of the class members in light of all known facts and circumstances and the risks inherent

22   in litigation. (Lee Decl. ¶¶ 6-9; Hyun Decl. ¶¶ 7-8; Marder Decl. ¶¶ 2-5.) Indeed, courts have

23   affirmed the reduction of PAGA penalties. For example, in *Carrington v. Starbucks Corp.*, 30

24   Cal. App. 5th 504 (2018), the Court of Appeal affirmed the trial court's reduction of PAGA

25   penalties by 90%. Here, the highest exposure for PAGA penalties is $25,000,000. If this Court

26   reduced the PAGA penalties by 90%, as the trial court did in *Carrington*, then the total exposure

27   would be only $2,500,000. (Lee Decl. ¶ 9.)

28   //

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
REPRESENTATIVE ACTION SETTLEMENT**

1

2.        **The Settlement is Fair, Reasonable, and Adequate**

2        The settlement for each participating class member is fair, reasonable and adequate, given

3    the inherent risk of litigation, the risk of appeals, the risks in an area where it is argued that the

4    law is unsettled, and the costs of pursuing such litigation.

5                a.        **Risk of Continued Litigation**

6        To assess the fairness, adequacy, and reasonableness of a class action settlement, the

7    Court must weigh the immediacy and certainty of substantial settlement proceeds against the

8    risks inherent in continued litigation.  *In re General Motors Corp.*, 55 F.3d 768, 806 (3d Cir.

9    1995) ("present value of the damages plaintiffs would likely recover if successful, appropriately

10   discounted for the risk of not prevailing, should be compared with the amount of the proposed

11   settlement."); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Boyd v. Bechtel Corp.*, 485 F.

12   Supp. 610, 616-17 (N.D. Cal. 1979); MCL § 21.62 at 316.

13       Here, the Settlement affords fair relief to the Class, while avoiding significant legal and

14   factual battles that otherwise may have prevented the Class from obtaining any recovery at all.

15   Although Plaintiff's attorneys believe the Class's claims are meritorious, they are experienced

16   and realistic, and understand that the outcome of a trial, and the outcome of any appeals that

17   would inevitably follow if the Class prevailed at trial, are inherently uncertain in terms of both

18   outcome and duration.

19       For example, with respect to the bag check claims, the Parties hotly contest whether the

20   claims can be certified as a class action under Federal Rule of Civil Procedure 23.  Defendant

21   maintains that, per its employee handbook, the only common policy regarding bag checks stated

22   that employees *may* be subject to bag checks upon a manager's request.  According to

23   Defendant, this discretionary policy resulted in a variety of practices among the different stores,

24   with some stores having no bag checks, other stores having sporadic bag checks upon suspicion

25   of theft, other stores having bag checks only at closing time, and still other stores having bag

26   checks at other times of the day. Defendant further maintains that to impose liability individual

27   inquiries would be needed to determine (1) whether on a specific day the employee brought a

28   bag to work; (2) on that specific day the employee was actually subject to a bag check; (3) the

bag check was performed off the clock; and (4) on that specific day the employee's meal or rest break was cut short because of the bag check. On the merits, Defendant insists that it has evidence (through deposition testimony and signed declarations) that employees were not subject to bag checks, and meal and rest breaks were not cut short by any bag checks because employees were afforded more than the statutory minimum time for meal and rest breaks (*e.g.*, employees were given 15 minutes for rest breaks). All the above underscores the significant risks to any recovery by Plaintiff and the putative class should this action proceed in litigation.

Moreover, Defendant asserts that it provided compliant wage statements throughout the entire class period and that Defendant could have prevailed on the knowing and intentional element for penalties under Labor Code § 226(e), which would have barred Plaintiff and the Class from any recovery.

In light of all these risks, Plaintiff asserts that this settlement is fair, adequate, and reasonable.

**b.     The Settlement is Within the Range of Reasonableness**

The standard of review for class settlements is whether the Settlement is within a range of reasonableness. As Professor Newberg comments:

> Recognizing that there may always be a difference of opinion as to the appropriate value of settlement, the courts have refused to substitute their judgment for that of the proponents. Instead the courts have reviewed settlements with the intent of determining whether they are within a range of reasonableness.…

4 Newberg on Class Actions, at §11.45.

Here, the settlement fund is non-reversionary, such that 100% of the Net Class Settlement Amount will be available for distribution to class members who do not opt-out.  Moreover, the settlement does not require claim forms.  Rather, class members who do not opt-out will receive a check.  Further, the settlement fund will be paid out entirely in cash (as opposed to a voucher, coupon, etc.)  In addition, as set forth in the Settlement Agreement, the class release is expressly limited to the class and representative claims asserted in this case, *i.e.*, unpaid wages, unpaid premiums, and penalties associated with Defendant's policy of conducting off-the-clock security checks and inaccurate wage statements.  Pursuant to the Procedural Guidelines, the released

claims are identical to the causes of action pled, or could have been pled based on the facts of the Complaint, including any derivative claims under the FLSA. For these reasons, and for the reasons set forth above relating to the total liability and the risks of prevailing on the theories of liability alleged, Plaintiff believes that the current Settlement is fair, reasonable, and adequate.

### c.     The Complexity, Expense, and Likely Duration of Continued Litigation Against the Settling Defendant Favors Approval

Another factor considered by courts in approving a settlement is the complexity, expense, and likely duration of the litigation. *Officers of Justice*, 688 F.2d at 625; *Girsh*, 521 F.2d at 157. In applying this factor, the Court must weigh the benefits of the Settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial. *Young v. Katz*, 447 F.2d 431, 433-34 (5th Cir. 1971).

The Settlement provides to all class members fair relief in a prompt and efficient manner. Moreover, even if Plaintiff reached the issue of class certification, the losing party would likely seek an appeal of the certification decision. Following a decision by the trier of fact, the losing party would have the right to appeal. Given the realities of litigation, this process places ultimate relief several years away. The idea of balancing a fair recovery now, with settlement dollars being paid out now, as opposed to a years-long litigation and appeal process regarding various potential issues, is a significant factor to be considered. *DIRECTV*, 221 F.R.D. at 526-27 ("Avoiding such a trial and the subsequent appeals in this complex case strongly militates in favor of settlement rather than further protracted and uncertain litigation.").

Further, were the case to be denied class certification, the class members could be left without a remedy as a practical matter and courts across the state would have to address the issues presented here in a piecemeal, costly, and time-consuming manner. The Settlement in this case is therefore consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits." *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); 4 *Newberg on Class Actions*, at § 11.41.

### d.     Non-Admission of Liability by Defendants

Finally, Defendant denies any liability or wrongdoing of any kind associated with the

20

claims alleged in this lawsuit, and further denies that, for any purpose other than that of settling this lawsuit, this action is appropriate for class treatment. Defendant maintains that it has complied at all times with California wage and hour laws. Because of such denial, if this case is not resolved, it will likely continue to be a long and protracted litigation.

**F.    The Proposed Settlement Class Satisfies the Elements for Certification**

### 1.    Numerosity

The numerosity requirement is satisfied if the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticable does not mean impossible, only that it would be difficult or inconvenient to join all members of the class. *Harris v. Palm Springs Alpine Estates, Inc*., 329 F.2d 909, 913-14 (9th Cir. 1964). Indeed, courts have found numerosity established by class actions consisting of as little as seven putative class members. *Patrick v. Marshall*, 460 F. Supp. 23, 26 (N.D. Cal. 1978); *Jordan v. L.A. County*, 669 F.2d 1311, 1320 (9th Cir.) (noting, in dicta, that the court "would be inclined to find the numerosity requirement ... satisfied solely on the basis of [39] ascertained class members"), vacated on other grounds, 459 U.S. 810, 103 S. Ct. 35, 74 L.Ed.2d 48 (1982). The Class consists of approximately 7,065 total persons. (Lee Decl. ¶ 3.) Accordingly, here, the Class is numerous and clearly satisfies the numerosity prong.

### 2.    Ascertainability

The Class is ascertainable and has already been identified in Defendant's records. (Lee Decl. ¶ 3.)

### 3.    Typicality

Typicality under Rule 23(a)(3) is satisfied if the representative plaintiff's claims share a common element with the class: i.e., those claims arise from the same course of conduct that gave rise to the claims of other settlement class members. *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig*., 122 F.R.D. 251, 256 (C.D. Cal. 1988). Here, Plaintiff submits that her claims are typical of those of other class members because she alleges that she was subjected to the same security check procedures and received the same wage statements containing inaccurate overtime pay rates and total hours worked as received by

1    members of the class.  (Reilly Decl. ¶ 3.)  Therefore, it is Plaintiff's position that her claims are

2    typical of the class as a whole.  (*Id*.)

### 4.    Commonality

4        Commonality relates to whether there are "questions of law or fact common to the class."

5    Fed. R. Civ. P. 23(a)(2).  Commonality is satisfied if there is one issue common to class

6    members.  *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998).  Here, Plaintiff

7    contends that her claims for minimum and overtime wages, meal and rest period premiums, and

8    penalties for wages owed at separation of employment arising from security inspections are

9    suited for class treatment.  *Greer v. Dick's Sporting Goods, Inc*., 2017 WL 1354568, at *6 (E.D.

10   Cal. Apr. 13, 2017); *Rodriguez v. Nike Retail Services, Inc*., 2016 WL 8729923, at *6 (N.D. Cal.

11   Aug. 19, 2016); *Chavez v. Converse, Inc*., N.D. Cal. Case No. 15-3746 NC, Dkt. No. 89 (N.D.

12   Cal. Sept. 22, 2016); *Otsuka v. Polo Ralph Lauren Corp*., 2010 WL 366653, at *5 (N.D. Cal.

13   Jan. 25, 2010) *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc*., 311 F.R.D. 590, 596 (C.D.

14   Cal. 2015).  Plaintiff further contends that her wage statement claims are aptly suited for class

15   treatment.  *Magadia v. Wal-Mart Assocs., Inc*., 324 F.R.D. 213, 225 (N.D. Cal. 2018) (certified

16   Section 226(a) claims).  Thus, Plaintiff contends that this class action may be certified for

17   settlement purposes.

### 5.    Adequacy

19       Adequacy under Rule 23(a)(4) is satisfied if the named plaintiffs have no disabling

20   conflicts of interest with other members of the class and Class Counsel are competent and well

21   qualified to undertake the litigation.  *Lerwill v. Inflight Motion Pictures, Inc*., 582 F.2d 507, 512

22   (9th Cir. 1978).  No conflict exists between Plaintiff and the Class because Plaintiff alleges that

23   she has been damaged by the same alleged conduct as all class members and has the incentive to

24   fairly represent all class members' claims to achieve the maximum possible recovery.  (Reilly

25   Decl. ¶¶ 6-7.)  Plaintiff has spent considerable efforts in this case, including assisting with

26   investigation, providing documents, and sitting for a deposition.  (Reilly Decl. ¶ 4.)  Plaintiff

27   remains willing to vigorously prosecute this action to the benefit of the class.  (Reilly Decl. ¶ 7.)

28   Moreover, Plaintiff is represented by attorneys who have extensive experience in complex wage

and hour litigation as is detailed in each of their declarations supported herewith.

### 6.    Common Questions of Law and Fact Predominate

Here, common questions of law or fact predominate over individual questions pursuant to Rule 23(b)(3).  As discussed above, the issues of fact and law raised in this action are common to all members of the classes and predominate in this case.

### 7.    Superiority of Class Action

The requirement that a class action is superior to other methods of adjudication under Rule 23(b)(3) is also met.  Courts have recognized that the class action device is superior to other available methods for the fair and efficient adjudication of controversies involving large number of employees in wage and hour disputes. *See, e.g., Hanlon*, 150 F.3d at 1022.  Without class-wide relief in this action, the class members would be forced to litigate numerous cases on a piecemeal basis.

### G.    The Notice to be Given is the Best Practical

"For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  "The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal or compromise." Fed. R. Civ. P. 23(e)(B).

Under the Settlement, the settlement administrator is to mail via First Class mail a copy of the Court-approved Notice of Class Action Settlement to all Class Members ("Class Notice"). The Settlement Administrator will conduct a search based on the National Change of Address Database, or other similar service, to update and correct for any known or identifiable address changes prior to mailing.  The Class Notice provides the Class with the information need to make an informed decision.  It provides an explanation of the proposed settlement, procedures on how to object, how to opt-out of the class settlement, and how to appear.  The Class Notice provides a brief explanation of the case, the exclusion and objection procedures/deadline, how to access court records, a toll-free telephone number to obtain more information, the attorneys' fees to be paid, and the individual members' number of applicable pay periods.  It also states that

1  those who do not opt out of the class settlement will be bound by the Settlement related to the

2  release of individual or class claims.

3        **H.**      **Attorneys' Fees, Costs, and Class Representative Enhancement Payment**

4            Pursuant to the terms of the Agreement, and without opposition from Defendant, Plaintiff

5  will also be entitled to request an enhancement up to a maximum of $10,000, which is to

6  compensate Plaintiff for prosecuting this case, participating in discovery, including testifying at

7  her deposition, making herself available as needed, including for trial, protecting the interests of

8  the class, and executing a general release with a California Civil Code § 1542 waiver.  *Cook v.*

9  *Niedert*, 142 F.3d 1004, 1015 (7th Cir. 1998); *Van Vranken v. Atlantic Richfield Co*., 901 F.

10  Supp. 294, 299-300 (N.D. Cal. 1995).  Similarly, Class Counsel will seek an award of attorney's

11  fees of not more than 33 1/3% of the Class Settlement Amount ($1,666,666.67) and

12  reimbursement of actual costs of up to $30,000.00.  Both the requested enhancement amounts

13  and attorneys' fees and costs will be requested simultaneously with Plaintiff's motion seeking

14  final approval of this class action settlement.

15        **I.**      **Settlement Administrator**

16        The Parties have selected Phoenix Settlement Administrators as the Settlement

17  Administrator.  (Settlement Agreement at § 11.29.)  Plaintiff's counsel obtained quotes from

18  Phoenix Settlement Administrators, Simpluris, Rust Consulting, and JND.  (Lee Decl. ¶ 16.)

19  Given that Phoenix had the lowest quote, the Parties agreed to use Phoenix.  (*Id.*)  Further, notice

20  by U.S. mail, along with the National Change of Address search, has been approved by

21  numerous courts and, therefore, the Parties agreed to notice by U.S. mail.  (*Id.*)  A list of cases in

22  which Phoenix was appointed as the settlement administrator in cases involving Plaintiff's

23  counsel is set forth in their declarations.  (Lee Decl. ¶ 16; Hyun Decl. ¶ 10.)  Again, the costs for

24  the settlement administration are not to exceed $29,750.00.  Plaintiff and her counsel believe that

25  this amount is reasonable in relation to the value of the settlement, as the administration costs

26  account for only 0.6% of the Maximum Settlement Amount.  The administration costs will be

27  deducted from the Maximum Settlement Amount.

28  //

1

### J.      Class Action Fairness Act ("CAFA")

This settlement is subject to the CAFA notice requirements. *See* 28 U.S.C. § 1715. As required by the Agreement, Defendant will provide the required notice to the Attorney General of the United States and all relevant State Attorney Generals within the time period provided by 28 U.S.C. § 1715(b).

### III.     CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court (1) grant preliminary approval for the proposed class action settlement; (2) authorize the mailing of the proposed notice to the class of the settlement; and (3) schedule a "fairness hearing," i.e. a hearing on the final approval of the settlement.

DATED: February 19, 2020            DIVERSITY LAW GROUP, P.C.


                                       By:    /s/ Larry W. Lee
                                           Larry W. Lee
                                   Attorneys for Plaintiff and the Class

4816-8034-8339, v. 1